NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0109n.06
Filed: November 18, 2004

No. 03-6426

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PROCESSING SYSTEMS, LLC,      )
)
    Plaintiff and Third Party Defendant-  )
    Appellant,         )   ON APPEAL FROM THE
)   UNITED STATES DISTRICT
v.             )   COURT FOR THE EASTERN
)   DISTRICT OF KENTUCKY
UNITED MINE WORKERS OF AMERICA,  )
DISTRICT 20 AND LOCAL UNION 7425  )
)
    Defendant-Appellee,   )
)
v.             )
)
UNITED MINE WORKERS OF AMERICA,  )
INTERNATIONAL UNION,    )
)
    Third Party Plaintiff.   )

BEFORE: KEITH, CLAY, and BRIGHT,[*] Circuit Judges

    **PER CURIAM**. The Plaintiff-Appellant, Processing Systems, LLC ("Processing Systems"),

brought suit in the United States District Court for the Eastern District of Kentucky against the

Defendant-Appellee, United Mine Workers of America, District 20 and Local Union 7425

("UMWA"), seeking an order to vacate an arbitration award.[1] After receiving motions for summary

---

    [*] The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

    [1] The United Mine Workers of America, International Union, filed a third-party complaint, which was dismissed and is not the subject of this appeal.

judgment from both parties, the district court entered a Memorandum Opinion and Order granting summary judgment for UMWA.

We have reiterated that "the Supreme Court has established strong precedent for judicial deference to arbitrators' awards." *Dixie Warehouse & Cartage Co. v. General Drivers, Warehousemen & Helpers, Local Union No. 89*, 898 F.2d 507, 510 (6th Cir. 1990). Furthermore, "an arbitrator's factual errors and even misinterpretations of a collective bargaining agreement are not subject to reconsideration by the court." *Sterling China Co. v. Glass, Molders, Pottery, Plastics & Allied Workers Local No. 24*, 357 F.3d 546, 551 (6th Cir. 2004). Having had the benefit of oral argument, and having considered the briefs of the parties and reviewed the record de novo, we are not persuaded that the district court erred in granting summary judgment for UMWA. We agree with the district court that "Processing Systems has not met its very high burden in seeking to vacate an arbitrator's decision." J.A. at 952.

Because the district court thoroughly articulated the reasons for summary judgment, we find that the issuance of a full written opinion by this court would be duplicative and serve no useful purpose. We therefore adopt the reasoning of the district court in its opinion dated October 3, 2003, and **AFFIRM** the district court's grant of summary judgment for UMWA.